10-1787-ag
Weng v. Holder

BIA
Hom, IJ
A094 938 603

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of September, two thousand eleven.

PRESENT:
>    JON O. NEWMAN,
>    JOSÉ A. CABRANES,
>    RAYMOND J. LOHIER, JR.,
>         *Circuit Judges.*

_____

PING WENG
>    *Petitioner,*

>    v.                                          10-1787-ag
>                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        Adedayo O. Idowu, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Ethan B. Kanter, Senior Litigation Counsel; Paul F. Stone, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ping Weng, a native and citizen of the People's Republic of China, seeks review of an April 8, 2010, order of the BIA, affirming the May 14, 2008, decision of Immigration Judge ("IJ") Sandy Hom, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ping Weng*, No. A094 938 603 (B.I.A. Apr. 8, 2010), *aff'g* No. A094 938 603 (Immig. Ct. N.Y. City May 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a

-2-

credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence.

In finding Weng's testimony not credible, the IJ relied in part on her demeanor, noting that her "hesitant," "repetitive," and "nonresponsive" testimony gave the impression that she was "simply reciting from a script rather than giving testimony of a person having experienced life-changing circumstances and events." Because the IJ was in the best position to observe Weng's manner while testifying, we afforded this finding particular deference. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). The record reflects that Weng paused during her testimony, and on one occasion was mumbling to herself. Although Weng submits that an interpretation problem may have caused her slow responses, we decline to address the

argument in the first instance, because, as the Government argues, Weng failed to raise this argument before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). Moreover, because the agency identified other reasons to doubt Weng's testimony, we rely more confidently on the IJ's demeanor finding. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Accordingly, the IJ's demeanor finding was not erroneous.

In finding Weng not credible, the agency also reasonably relied on an inconsistency in her testimony as to whether she used her own passport to depart China. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Under the REAL ID Act, an adverse credibility finding may be supported by inconsistencies in an alien's testimony, even when those inconsistencies are not central to the applicant's claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Weng argues that her testimony was not inconsistent, because she explained that she fled to Hong Kong using the documents arranged by the smuggler, but left Hong Kong using her own passport. However, the agency did not err in finding Weng's testimony inconsistent, as this explanation is insufficient to resolve the inconsistencies in her testimony and would not necessarily

-4-

be compelling to a reasonable factfinder. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also reasonably found implausible that Weng was a fugitive from the Chinese police but was able to depart China without difficulty, and, according to her final version of events, using her own passport. Weng argues that her ability to depart from Hong Kong with her own passport does not undermine her credibility. Again, however, her explanation would not be compelling to a reasonable factfinder. *See id.*

Lastly, the agency reasonably noted that Weng's failure to provide a document she claimed Chinese police had served on her parents further undermined her credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Although Weng argues that it would have been difficult for her illiterate parents to deliver this document from China, the agency did not err finding that her failure to produce this document further undermined her credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (holding that the agency may rely on a lack of corroborative evidence where an applicant's testimony is not otherwise credible); *Majidi*, 430 F.3d at 80-81.

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence, and the agency's denial of Weng's application for asylum, withholding of removal, and CAT relief was not in error as all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006) (CAT). To the extent that Weng claims to fear torture due to her illegal departure from China, we decline to address this claim because Weng did not exhaust it before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). Regardless, because Weng fails to point to any evidence in support of her illegal departure claim, it is without merit. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk